# MEMORANDA

---

HENRY C. SHERBURNE, Appellant, *v.* EDWARD A. TAFT et al., Respondents.

Where, in an action for an accounting, the defendants proved a full settlement in regard to the whole transaction, *held,* that the court was not bound to retain the case as against one of the defendants, to enable plaintiff to recover upon a cause of action against him growing out of the settlement, and that the complaint was properly dismissed.

(Argued February 28, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 18, 1892, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

This action was for an accounting as to the proceeds of the sale of one-half of the capital stock of the New York and Boston Dispatch Express Company, and of the Kinsley Express Company, which sale the complaint alleged was made to the Adams Express Company in March, 1888.

The plaintiff claimed that he was the equitable owner of three-eighths of the stock so sold, and that the defendant Taft held the same as trustee for him; that a portion of the proceeds to which he is entitled was retained by Taft or paid over to the defendants Spooner and Hoey without authority; that the sale was unauthorized and a breach of trust on the part of Taft.

The complaint was dismissed as to defendants Spooner and Hoey, because as to them the court held that the action was one to enforce an illegal agreement, and as to defendant Taft on the same ground, and also upon the ground that there had been a settlement between Taft and the plaintiff and a note

given by Taft for a balance of account on which the plaintiff had a remedy in an action at law.

Further facts are stated in the opinion.

" We have given this case a good deal of consideration but in the view now taken it is only necessary to state the conclusions we have arrived at.

" The evidence and findings of the court show a gross violation of one of the most firmly established principles of law on the part of the two defendants who were trustees of the Adams Company, and they also show that the fruits of such violation were received and partaken of by the other defendant and by the plaintiff with full knowledge of the illegal and corrupt character of the whole transaction.

" The court below treated the contract as illegal and refused its aid to any of the parties. There is a claim made that even if the contract were of an illegal character, yet it was so far completed that the only question left was in regard to a proper division of the profits among the parties to the contract and that in such event the transaction comes within the rule laid down in *Brooks* v. *Martin* (2 Wall. 70).

" Whether this case comes within that rule, and whether if it did, the rule itself has been affirmed in this state, it is not now necessary for us to decide. Nor is it necessary to decide as to the power of the court to itself refuse to aid where the parties to the illegal transaction do not take the objection. Some of us would hesitate long before deciding either point in favor of the plaintiff.

" Here, however, we have other facts. The action is brought for a general accounting by all the defendants to and with the plaintiff. The case shows and the court finds that there was a full and complete settlement of accounts in regard to the whole transaction between plaintiff and Taft in Paris, which we hold to be a good answer to this action. The plaintiff alleged that the so-called settlement was only a conditional one, but the court finds against him on that point. He also attempted to prove that it was a settlement induced by fraudulent representations, but he failed in his attempt and the court finds the settlement to have been valid.

" This action for an accounting between all the parties can-

not, therefore, be maintained, and the cause of action against the defendant Taft alone upon the settlement at Paris is a wholly separate and different one from that set forth in the complaint herein. The proof in this case left that cause of action unproved in its entire scope and meaning, and the court was, therefore, right in dismissing the complaint. It was not bound to retain the case as against one only of the several defendants for the purpose of enabling the plaintiff to prove another and different cause of action against him alone.

"We think the judgment should be affirmed, with costs."

*D. M. Porter* for appellant.

*Elihu Root* for respondents.

*Per Curiam* opinion for affirmance.
All concur.
Judgment affirmed. _____